IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERLIN ALEXANDER, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 09-436-JJF |
| U.S. MARSHAL ORLANDO FLETCHER, et al., | : |
| Defendants. | : |

Verlin Alexander, Pro se Plaintiff.  James T. Vaughn Correctional Center, Smyrna, Delaware

**MEMORANDUM OPINION**

September 30, 2009
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Verlin Alexander ("Plaintiff"), filed this civil rights action pursuant to 42 U.S.C. § 1983 and is currently incarcerated at the James T. Vaughn Correctional Center ("SCI"). (D.I. 2.) He appears pro se and has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I. BACKGROUND**

Plaintiff alleges that on October 27, 2006, Defendants were responsible for his unlawful arrest, search and seizure, denial of due process, and right to equal protection. Plaintiff alleges his constitutional rights were violated and he seeks compensatory and punitive damages as well as injunctive relief.

**II. STANDARD OF REVIEW**

The Court must dismiss at the earliest practicable time certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions

brought with respect to prison conditions). An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008)(not published); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). "To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, -U.S.-, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when its factual content allows the court to draw a reasonable inference that Defendant is liable for the misconduct alleged. Id. The plausibility standard "asks for more than a sheer possibility that a defendant

has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Id. (quoting Fed. R. Civ. P. 8(a)(2)). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

### III. DISCUSSION

Plaintiff filed his Complaint on June 5, 2009 as determined by the mailbox rule for prisoner filings. See Houston v. Lack, 487 U.S. 266 (1988); Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998); Gibbs v. Deckers, 234 F. Supp. 2d 458, 463 (D. Del. 2002). The Complaint was signed on June 5, 2009. Therefore, the Court concludes that it was filed on the date it was signed, the earliest date possible that it could have been delivered to prison officials in Delaware for mailing.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. Wilson v. Garcia, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. See Del. Code Ann. tit. 10, § 8119; Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." Id. Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. See Mattis v. Dohman, 260 F. App'x 458 n.3 (3d Cir. 2008) (not reported).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." Smith v. Delaware County Court, 260 F. App'x 454 (3d Cir. 2008) (not reported); Wakefield v. Moore, 211 F. App'x 99 (3d Cir. 2006) (not reported) (citing Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)). In reading the Complaint, the

last date of any pertinent act is October 27, 2006, when Plaintiff was arrested in Pennsylvania on pending Delaware criminal charges. Plaintiff, however, filed his Complaint on June 5, 2009, approximately eight months after the expiration of the limitations period. Hence, it is evident from the face of the Complaint that Plaintiff's claims are barred by the two year limitations period. Therefore, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IV. CONCLUSION**

Based upon the above discussion, the Complaint will be dismissed as barred by the applicable limitations period pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate Order will be entered.